# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 13-10196-EFM

JACOB ENGSTROM,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Compassionate Release or Sentence Reduction (Doc. 86). He seeks early release from prison due to COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I. Factual and Procedural Background

On May 15, 2014, Defendant pleaded guilty to one count of conspiracy to distribute a controlled substance, in violation of 18 U.S.C. §§ 846 and 841(a)(1) and to one count of possession of a firearm by an unlawful user of controlled substance, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2). On July 29, 2014, Defendant was sentenced to 108 months imprisonment. He is currently incarcerated at El Reno FCI. His projected release date is December 29, 2021.

On June 23, 2020, Defendant filed a motion seeking early release from prison due to the COVID-19 pandemic. He states that COVID-19 cases continue to rise in prison and it is hard to socially distance. The government opposes Defendant's motion.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has fifteen days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the Court on July 2, 2020 that it did not intend to enter an appearance to represent Defendant.

## II.   Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[2] The administrative exhaustion requirement is jurisdictional and cannot be waived.[3]

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[3] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[4]  Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[5]

### III.    Analysis

Defendant seeks early release.  The government asserts that Defendant's motion is extremely cursory and does not submit any evidence of exhaustion or a medical condition impacted by COVID-10.  The Court agrees.

**A.    Exhaustion**

Defendant does not appear to have exhausted his administrative remedies.  He does not state or demonstrate that he exhausted his right to appeal the BOP's failure to bring a motion on

---

---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[4] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[5] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

his behalf or that 30 days have passed since he submitted a request to the warden. Without any evidence of Defendant's exhaustion of administrative remedies, the Court lacks jurisdiction over Defendant's request for a reduction in sentence.

**B.      Extraordinary and Compelling Reasons**

To the extent that the Court would have jurisdiction, the Court also notes that Defendant fails to present the Court with extraordinary and compelling reasons warranting a reduction in his prison term. He does not identify any underlying health conditions that he suffers from that would make him more susceptible to severe complications if he contracts COVID-19. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[6] Accordingly, because Defendant does not make any individualized showing about his increased vulnerability to contracting COVID-19 and having significant or severe health issues, he does not demonstrate extraordinary and compelling circumstances warranting compassionate release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release or Sentence Reduction (Doc. 86) is **DISMISSED WITHOUT PREJUDICE.**

---

[6] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

**IT IS SO ORDERED**.

Dated this 2nd day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE